Bret Knewtson, OSB 03355
3000 NW Stucki PL STE 230-M
Hillsboro OR 97124
e-mail: bknewtson@yahoo.com
Telephone: (503) 846-1160
Facsimile: (503) 922-3181

FILED '08 JUL 30 14:53 USDC-ORP

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

THOMAS JONES JR.,

        Plaintiff,

  vs.

COLUMBIA COLLECTIONS SERVICE, INC.
and TOBRIAH HALE, RON WELCH, JOE
GALVAN, and JANE DOE,

        Defendant,

Case No. CV '08 - 9 0 5 - - AA

**COMPLAINT**
Unfair Debt Collection Practices;
Violation of 15 USC § 1692 (FDCPA)

Demand for jury trial.

## PRELIMINARY STATEMENT

1.    This is an action for money damages brought by a consumer pursuant to the Fair Debt

       Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et sez, which prohibits abusive,

       deceptive and unfair debt collection practices.

2.    Plaintiff's claims arise from defendants' attempts to collect a debt in Oregon through

       the means and instrumentalities of interstate commerce and the mails.

## JURISDICTION

3.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

COMPLAINT - 1

4.     Venue is proper in this District under 28 U.S.C. § 1391 because the acts and
transactions occurred here, Plaintiff resides here, and Defendants transact business
here.

**PARTIES**

5.     Plaintiff, Thomas Jones Jr., is a natural person who resides in the, County of
Washington, State of Oregon, and is a "consumer" as that term is defined by 15
U.S.C. § 1692a(3).

6.     Defendant, Columbia Collection Service, Inc,. (hereinafter CCS), is an Oregon
domestic business corporation, regularly collects consumer debts and is a debt
collector as defined by 15 U.S.C. § 1692a(6). It has a principal place of business at
6915 SE Lake RD STE 200 Milwaukie OR 97267.

7.     Defendant, Tobriah Hale, is an individual, acting within the scope of her employment
with CCS and a debt collector as defined by 15 U.S.C. § 1692a(6) operating from a
Clackamas Oregon.

8.     Defendant, Ron Welsh, is an individual, acting within the scope of his employment
with CCS and a debt collector as defined by 15 U.S.C. § 1692a(6) operating in
Clackamas Oregon.

9.     Defendant, Joe Galvan, is an individual, acting within the scope of his employment
with CCS and a debt collector as defined by 15 U.S.C. § 1692a(6) operating in
Clackamas Oregon.

10.    Defendant, Jane Doe, is an individual, acting within the scope of her employment
with CCS and a debt collector as defined by 15 U.S.C. § 1692a(6) operating in
Clackamas Oregon.

## FACTUAL ALLEGATIONS

11.    Defendant alleged that plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by the FDCPA, namely a hospital bill that was incurred when plaintiff took his sons to the "Doctor's Family Clinic" and St Vincent Hospital in Washington County for treatment between March 2003 and April 2005.

12.    Sometime thereafter, the alleged debt was assigned, placed with, or otherwise transferred to defendants for collection.

13.    Employees of CCS started calling plaintiff between January and August of 2007. They left messages but did not identify themselves.

14.    On August 4th, 2007, a female employee of CCS (Jane Doe) called and spoke to plaintiff. She did not identify herself but asked him for personal identification. Not knowing who she was plaintiff used *69 to call her back. She began cussing him out and stated that she knew who he was, and told him to "pay your god damn bills, you expletive. I'm going to sue your black expletive." Plaintiff hung up without knowing who she was and what she was referring too.

15.    On August 8th, 2007, defendants filed small claim proceeding, Columbia Collection Service, Inc. v Thomas Jones, in the Circuit Court of Multnomah County, Case # 075014693. CCS claimed to be the assignee for "Doctor's Family Clinic" and St Vincent Hospital and claimed $3,262.52 was owed. A hearing was repeatedly set over and ultimately held on June 23, 2008.

16.    CCS has never provided plaintiff with the validation notice required under 15 U.S.C. § 1692(g).

17.    On April 24th, 2008 at 4:15 plaintiff was able speak to a billing representative at Providence regional billing office (Rick Willhel or similar name). Mr. Willhel called

the collection agency and a conference call was held that included plaintiff and CCS representative Joe Galvan. It was agreed that plaintiff owed $250 to St Vincent. Mr. Galvan said "It is a done deal. The paperwork is forthcoming to you. After you sign it and send it back we will meet at the mediation on the trial date. There won't be a hearing."

18.    In that call Joe Galvan asserted that his position at CCS was "Director of Legal Affairs" and that he was an attorney. He further stated that Doctor's Family Clinic was owed $100. He sated that he would put the agreement in writing and plaintiff would have until September 30th, 2008 to pay the $350. That writing was never sent to plaintiff.

19.    On June 23, 2008 plaintiff attended the hearing and was told prior to the hearing by CCS representative Ron Welch that plaintiff had to pay $784 or it would go to the judge. Ron Welch claimed to not know about the agreement and called his office but said he could not verify any such agreement. The plaintiff and Ron Welch then participated in the court's mediation service and Ron Welch insisted on an agreement that required plaintiff to pay $425 immediately. Plaintiff refused and insisted on a date September 30th 2008 for payment. The mediation agreement was signed by the parties and mediator.

**FIRST CLAIM FOR RELIEF**

20.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.    The foregoing acts and omissions of the Defendant constitutes violations of the FDCPA, including, but not limited to, violations 15 U.S.C. §§ 1692(b)(1), 1692d, 1692d(2), 1692d(6), 1692e, 1692e(2), 1692e(8), 1692f, 1692f(1), 1692g and 1692i(a)(2), amongst others.

22.  As a result of the acts and omissions of the Defendant, plaintiff has suffered actual damages and injury, including but not limited to, severe stress, mental anguish and suffering, emotional distress, humiliation, lost time, damage to his credit reputation, and lost economic opportunity.

23.  As a result of each and every Defendants' violations of the FDCPA, Plaintiff is entitled actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

24.  Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

**SECOND CLAIM FOR RELIEF**

25.  Plaintiff incorporates by reference paragraphs 1 to 19 of this Complaint as though fully stated herein.

26.  The foregoing acts and omissions of the Defendant constitutes violations of the FDCPA, including, but not limited to, violations 15 U.S.C. §§ 1692(b)(1), 1692d, 1692d(2), 1692d(6), 1692e, 1692e(2), 1692e(8), 1692f, 1692f(1), 1692g and 1692i(a)(2), amongst others.

27.  As a result of the acts and omissions of the Defendant, plaintiff has suffered actual damages and injury, including but not limited to, severe stress, mental anguish and suffering, emotional distress, humiliation, lost time, damage to his credit reputation, and lost economic opportunity.

28.  As a result of each and every Defendants' violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 per defendant. and actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

29.    Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant for:

- for an award of actual and/or statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

Dated this 28th day of July, 2008

Bret Knewtson, OSB 03355

COMPLAINT - 6